**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 22-cv-03353-RM

DIEGO OLMOS ALCALDE,

    Applicant,

v.

JEFF LONG, Warden, Sterling Correctional Facility,
DEAN WILLIAMS, Executive Director of the Colorado Department of Corrections, and
PHIL WEISER, Attorney General,

    Respondents.

## ORDER TO DISMISS IN PART, FOR ANSWER, AND FOR STATE COURT RECORD

Applicant, Diego Olmos Alcalde, is in the custody of the Colorado Department of Corrections at the Correctional Facility in Sterling, Colorado. He has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his convictions and sentence imposed in the District Court of Boulder County, Colorado.

Mr. Alcalde's filings are construed liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court does not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Application, in part.

**I. State Court Proceedings**

In June 2009, Mr. Alcalde was convicted by a jury in case number 08CR396 of first-degree murder after deliberation, felony murder, first-degree sexual assault, and second-degree kidnapping. (ECF No. 11-1 at 8; ECF No. 11-5 at 2). He was sentenced to a term of life in

prison. (ECF No. 11-5 at 3). The Colorado Court of Appeals affirmed Applicant's convictions in *People v. Diego Olmos Alcalde,* No. 09CA1687 (Colo. App. Jan. 24, 2013) (unpublished) (*Alcalde I*). (ECF No. 29-5). Mr. Alcalde's petition for certiorari review was denied by the Colorado Supreme Court on November 12, 2013. (ECF No. 11-6). The United States Supreme Court denied Applicant's petition for certiorari review on April 28, 2014. (ECF No. 11-7 at 7).

On January 7, 2015, Mr. Alcalde filed a motion for post-conviction relief pursuant to Colo. Crim, P. Rule 35(c). (ECF No. 11-1 at 7). The state district court appointed counsel and counsel filed a supplement to Mr. Alcalde's *pro se* Rule 35(c) motion. (*Id.* at 4-6). The district court denied the motion following an evidentiary hearing. (*Id.* at 2-3). The Colorado Court of Appeals affirmed the trial court's order in *People v. Diego Olmos Alcalde,* No. 19CA2140 (Colo. App. May 5, 2022) (*Alcalde II*). (ECF No. 11-12). Applicant's petition for certiorari review was denied by the Colorado Supreme Court on October 24, 2022. (ECF No. 11-13).

**II. Federal Court Proceeding**

Mr. Alcalde filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court on December 29, 2022. He asserts the following claims for relief in the Application (which the Court has renumbered, in part, for efficiency):

(1) Applicant's Fifth and Fourteenth Amendment rights were violated when the trial court failed to suppress his statement to the police at the time of his arrest. (ECF No. 1 at 5-7).

(2) Applicant's constitutional right to a fair trial was violated when the trial court admitted prejudicial evidence that should have been excluded under Colo. R. Evid. 404(b). (*Id.* at 7-10).

(3) Applicant's constitutional right to a fair trial was violated when prosecutors: (a) improperly shifted the burden of proof during closing argument; (b) made improper comments on the evidence; and, (c) misstated defense arguments

      during rebuttal closing argument, which denigrated defense counsel. (*Id.* at 8-13).

(4) Applicant's constitutional right to a fair trial was violated when the trial court placed limits on the contents of the defense's closing argument. (*Id.* at 13).

(5) The trial court evinced bias against the defense. (*Id.* at 13-14).

(6) The trial court violated Applicant's right to present a defense by denying the defense's request to admit evidence under Colo. R. Evid. 807. (*Id.* at 14-16).

(7) Trial counsel was constitutionally ineffective in: (a) failing to identify that certain counts were legally included in other counts; (b) failing to raise the issue of inconsistent verdicts; (c) proceeding with a defense that unconstitutionally conceded Applicant's guilt; violated Applicant's right to testify at trial; and, was unreasonable; (d) failing to challenge the lawfulness of Applicant's arrest; (e) failing to challenge the admission of statements Applicant made to the police at the time of his arrest; (f) failing to retain medical experts; and, (g) failing to challenge the sufficiency of the murder-after-deliberation verdict. (*Id.* at 16-18, 20-24, 26-48).

(8) Direct appeal counsel was constitutionally ineffective in failing to: (a) identify that certain counts were legally included in other counts; (b) raise the issue of inconsistent verdicts; and, (c) challenge the sufficiency of the evidence. (*Id.* at 16-18).

(9) The evidence was constitutionally-insufficient to support Applicant's convictions. (*Id.* at 18-19, 24-26).

In a January 11, 2023 Order (ECF No. 6), the Court directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Pre-Answer Response on January 30, 2023 (ECF No. 11), conceding the timeliness of the Application, as well as Applicant's exhaustion of state court remedies for claims 1, 3, 5, 6, and 7(c). (ECF No. 11 at 9). Respondents argue, however, that the remainder of Applicant's claims are barred by the doctrine of anticipatory procedural default. (*Id.* at 9-10). Applicant filed a Reply on March 8, 2023. (ECF No. 15).

**III. Exhaustion and Procedural Default**

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution." *Picard*, 404 U.S. at 278 (internal quotation marks omitted). However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citation omitted). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

A claim that has been procedurally defaulted in the state courts based on an independent and adequate state procedural ground is barred from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007). In addition, if a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . ." *Coleman*, 501 U.S. at 735 n.1. *See also Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar).

A procedural rule is independent if it is based upon state law, rather than federal law. *Anderson v. Att'y Gen.*, 342 F.3d 1140, 1143 (10th Cir. 2003) (citing *English v. Cody*, 146 F.3d 1257, 1259 [10th Cir.1998]). A state procedural rule is adequate if it was "'firmly established and regularly followed by the time as of which it is to be applied.'" *Id*. (quoting *Walker v. Att'y Gen*., 167 F.3d 1339, 1344 (10th Cir.1999)). The applicant bears the burden of specifically alleging the inadequacy of a state procedural law. *Fairchild v. Workman*, 579 F.3d 1134, 1143 (10th Cir. 2009).

Cause for a procedural default exists where "something external to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753. To satisfy the fundamental miscarriage of justice exception, the applicant must make a sufficient showing that he is actually innocent of the crime of conviction. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[I]n an extraordinary

case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.").

An applicant's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

## IV. Analysis

### A. Claims 2 and 4

Respondents assert that Claims 2 and 4 of the Application were presented to the Colorado Court of Appeals as violations of state law only and were not exhausted in the state courts as federal constitutional claims. (ECF No. 11 at 9-10).

#### 1. Claim 2

In claim 2, Mr. Alcalde asserts that the trial court violated his right to a fair trial by failing to exclude evidence under Colo. R. Evid. 404(b). Applicant argued in his amended opening brief on direct appeal that the trial court's alleged errors violated Colo. R. Evid. 404(b) pursuant to the Colorado Supreme Court's four-part test in *People v. Spoto*, 795 P.2d 1314 (Colo. 1990), and that the admission of the evidence was not harmless under a state law harmless error standard. (ECF No. 11-2 at 32-44). In conclusion, he asserted that the admission of the prejudicial evidence violated his right to a fair trial and to an impartial jury under the Sixth and Fourteenth Amendments to the United States Constitution. (*Id.* at 45). In *Alcalde I,* the Colorado Court of Appeals determined that the evidence was properly admitted under Colorado law. (ECF No. 11-5 at 16).

As a general matter, a habeas petitioner's conclusory reference to broad federal rights such as due process or fair trial is insufficient to exhaust an alleged constitutional violation. *See Gray v. Netherland*, 518 U.S. 152, 163 (1996) (stating that "it is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court"); *Zuniga v. Falk*, 618 F. App'x. 407, 411 (10th Cir. 2015) (unpublished) (conclusory citations to constitutional provisions "at the tail end of" a state law argument did not exhaust federal claim); *Cole v. Zavaras*, 349 F. App'x. 328, 331 (10th Cir. 2009) (unpublished) (petitioner's assertion "in a conclusory fashion" that the alleged error violated his federal constitutional rights did not exhaust the federal claim).

Even so, the Tenth Circuit Court of Appeals has recognized that a federal habeas petitioner may be entitled to relief "'if an alleged state-law error was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process.'" *Whitten v. Williams*, No. 22-1180, 2023 WL 116474, at *3 (10th Cir. Jan. 6, 2023) (quoting *Hooks v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012) (brackets and internal quotation marks omitted). *See also Moser v. Wyoming Att'y Gen.,* No. 21-8094, 2022 WL 4075341, at *3 (10th Cir. Sept. 6, 2022) (recognizing that federal habeas petitioner can establish a federal due process violation based on the admission of Rule 404(b) evidence "only if the alleged error caused his trial to be fundamentally unfair") (citing *Duckett v. Mullin,* 306 F.3d 982, 999 (10th Cir. 2002)) ("We may not provide habeas corpus relief on the basis of state court evidentiary rulings unless they rendered the trial so fundamentally unfair that a denial of constitutional rights results.") (internal quotation marks omitted); *Williamson v. Parker*, 705 F. App'x 677, 681 (10th Cir. 2017) (unpublished) ("Although federal habeas relief does not extend to the remedying of state law

7

evidentiary errors, an exception applies when a state court admits evidence that is so unduly prejudicial that it renders the trial fundamentally unfair.").

Therefore, the Court will defer ruling on the applicability of the failure-to-exhaust defense to Claim 2, pending receipt of the Respondents' Answer.

**2. Claim 4**

In Claim 4, Mr. Alcalde contends that the trial court violated his constitutional right to a fair trial by improperly limiting the defense's closing argument. During closing argument, trial counsel "argued that the presumption of innocence requires that if you have to make an inference, the presumption of innocence requires that your inference must be in favor of the Defense." (ECF No. 1 at 13). Applicant asserts that the trial court erroneously sustained the prosecutor's objection to this argument as a misstatement of the law when the evidence against him at trial was based largely on inferences. (*Id.*).

In his amended opening brief on direct appeal, Applicant argued that the trial court's restriction on counsel's statement during closing argument concerning the presumption of innocence was contrary to United States Supreme Court case law, was not harmless and "affected the fairness of the trial." (ECF No. 11-2 at 57-59).

The Court finds that Mr. Alcalde fairly presented the allegations in Claim 4 to the Colorado Court of Appeals as a violation of the federal Constitution and has thus satisfied the exhaustion requirement.

**B. Claims 7, 8 and 9**

Respondents also argue that Applicant has committed an anticipatory procedural default of claims 8 and 9, and the ineffective assistance of trial counsel allegations in sub-claims 7(a),

7(b), 7(d), 7(e), 7(f), and 7(g), because he did not present the claims to the Colorado Court of Appeals and any future motion for post-conviction relief would be barred under Colorado law as successive. (ECF No. 11 at 10-11).

The Court agrees that Mr. Alcalde failed to exhaust the above-referenced claims in the state courts because Applicant did not present the factual or legal substance of the claims to the Colorado Court of Appeals in *Alcalde I* or *II*. (*See* ECF No. 11-2, 11-9). Further, Mr. Alcalde no longer has a state court remedy available for his unexhausted claims.

Generally, the Colorado Rules of Criminal Procedure bar a convicted person from raising a claim in a postconviction motion that could have been raised on direct appeal or in a prior state post-conviction proceeding. *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"). Colo. Crim. P. Rule 35(c)(3) (VII) is a firmly established state procedural rule that is applied regularly by the Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494-95 (Colo. App. 2010). *See also Ellis v. Raemisch,* 872 F.3d 1064, 1093 n.7 (10th Cir. 2017) (assuming that "the provisions of Rule 35(c)(3)(VII) at issue here satisfy the independence and adequacy criteria"); *Lebere v. Abbott,* 732 F.3d 1224, 1233 & n.13 (10th Cir. 2013); *Welch v. Milyard*, 436 F. App'x 861, 869 (10th Cir. Aug. 18, 2011) (unpublished). Mr. Alcalde fails to demonstrate that one of the listed exceptions to the state procedural rule is applicable here. *See* Colo. Crim. P. Rule 35(c)(3)(VII)(a)–(e).

The Court finds that Mr. Alcalde has committed an anticipatory procedural default of claims 8, 9 and the ineffective assistance of trial counsel allegations in sub-claims 7(a), 7(b), 7(d), 7(e), 7(f), and 7(g). Therefore, he must meet the cause and prejudice standard or the fundamental

miscarriage of justice exception in order for this Court to reach the merits of his federal claims. *See Coleman*, 501 U.S. at 750.

In his Reply, Mr. Alcalde argues that his procedural default of the ineffective assistance of counsel claims should be excused because court-appointed counsel in his state post-conviction proceeding was constitutionally ineffective in failing to present the claims to the state courts. (*See* ECF No. 15 at 5).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id*. at 13-14.[1] The habeas applicant must show that the procedurally defaulted ineffective assistance of counsel claim is "substantial"—*i.e*, has "some merit." *Id*. at 14.

Consequently, Mr. Alcalde may avail himself of the ruling in *Martinez* if the ineffective assistance of trial counsel allegations asserted in claim 7 are substantial. The Court cannot make that determination without the benefit of the record of Applicant's state criminal proceeding.

---

1  The rule of *Martinez* applies only when "the State barred the defendant from raising the claims on direct appeal," so that post-conviction proceedings are the petitioner's first opportunity to present the claim. *Martinez*, 566 U.S. at 17; *see also Trevino v. Thaler*, 569 U.S. 413, (2013) (extending rule in *Martinez* to circumstances in which state law does not require claims of ineffective assistance of trial counsel to be brought in collateral proceedings, but "make[s] it virtually impossible for an ineffective assistance claim to be presented on direct review" (quotation omitted)).

The Colorado Supreme Court "has expressed a preference for having ineffective assistance of counsel claims brought in Crim. P. 35(c) proceedings." *People v. Thomas*, 867 P.2d 880, 886 (Colo.1994) (internal citations omitted); *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003) ("In light of the considerations potentially involved in determining ineffective assistance, defendants have regularly been discouraged from attempting to litigate their counsels' effectiveness on direct appeal."). "Review of a claim of ineffective assistance of trial counsel that is raised on direct appeal is limited to the existing record." *Downey v. People*, 25 P.3d 1200, 1202 n.3 (Colo. 2001) (citing *People v. Blehm*, 983 P.2d 779, 792-93 (Colo. 1999); *see also People v. Price*, 240 P.3d 557, 565 (Colo. App. 2010) ("Only 'in rare instances' are assistance of counsel claims presented so that they 'need no further [factual] development prior to review on direct appeal.'") (quoting *People v. Kelling*, 151 P.3d 650, 655 (Colo. App. 2006)).

Accordingly, the Court will defer ruling on whether sub-claims 7(a), 7(b), 7(d), 7(e), 7(f) and 7(g) are procedurally barred pending receipt of Respondents' Answer and the state court record.

With regard to the anticipatory procedural default of claims 8 and 9, the rule of *Martinez* does not apply to procedurally defaulted claims of trial court error, or to claims that direct appeal counsel or post-conviction appeal counsel were ineffective. *Martinez*, 566 U.S. at 16 (stating that "[t]he rule of *Coleman* governs in all but the limited circumstances recognized here"). Moreover, Mr. Alcalde does not allege facts in his Application or Reply to demonstrate an external cause that would excuse the procedural default of claims 8 and 9. In addition, Applicant's conclusory assertion in his Reply that he is innocent of the crimes, *see* ECF No. 15 at 2, is not a sufficient showing of factual innocence to overcome the procedural bar. *See House v. Bell,* 547 U.S. 518, 536-37 (2006) ("[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'") (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)).

Claims 8 and 9 will be dismissed.

**V. Orders**

For the reasons discussed above, it is

ORDERED that claims 8 and 9 of the Application are DISMISSED WITH PREJUDICE as procedurally barred. It is

FURTHER ORDERED that, within thirty (30) days from the date of this Order, Respondents shall file an Answer that fully addresses the merits of claims 1, 2, 3, 4, 5, 6, and 7(c), and further addresses whether the procedurally defaulted ineffective assistance of trial

counsel allegations in sub-claims 7(a), 7(b), 7(d), 7(e), 7(f), and 7(g) are substantial under *Martinez v. Ryan*. It is

FURTHER ORDERED that Applicant may file a Reply within thirty (30) days from the date that Respondents file their Answer. It is

FURTHER ORDERED that that, within thirty (30) days from the date of this Order, Respondents shall file with the Clerk of the Court, in electronic format if available, a copy of the complete record of Applicant's state court proceedings in Boulder County District Court case number 08CR396, including all documents in the state court file and transcripts of all proceedings conducted in the state court, including physical evidence that is relevant to the asserted claims. It is

FURTHER ORDERED that the Clerk of the Court is directed to send copies of this Order to the following:

>   Clerk of the Court
>   Boulder County District Court
>   P.O. Box 4249
>   Boulder, Colorado 80306
>
>   Office of the State Court Administrator
>   CPR Unit Manager
>   1300 Broadway
>   Suite 1200
>   Denver, CO 80203

DATED this 25th day of April, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge